| | | |
|---|---|---|
| ABELARDO PENATE PEREZ, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | Case No. 3:26-cv-363 |
| v. | ) | |
| | ) | Judge Atchley |
| CHRISTOPHER BULLOCK, *et al.*, | ) | |
| | ) | Magistrate Judge Poplin |
| *Respondents*. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Petitioner Abelardo Penate Perez, a native and citizen of Mexico, was detained on an Immigration and Customs Enforcement ("ICE") hold on or about July 29, 2026. [Doc. 1 at ¶¶ 1–2]. On July 31, 2026, Petitioner, by and through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asking this Court to require Respondents to either release him or provide him with a bond hearing within seven days. [*Id.* at 1, 11]. Respondents have provided responses [Docs. 9, 11], to which Petitioner has replied [Doc. 12]. Having reviewed the Parties' filings and the applicable law, the Court finds a hearing is unnecessary.[1] For the reasons set forth below, the Court grants the petition in part and orders the Government to provide Petitioner with an individualized bond hearing within ten (10) days.

## I.    RELEVANT BACKGROUND

Petitioner entered the United States without inspection as a teenager in or about 2006 and has lived and worked here since. [Doc. 1 at ¶¶ 1, 3, 38]. He has three children and a longtime partner who are United States citizens. [*Id.* at ¶ 1].

---

[1] *See* Rule 8(a), Rules Governing 2254 Cases in the United States District Courts; *see also* Rule 1(b) (permitting application of § 2254 Rules to other habeas petitions).

On July 29, 2026, Petitioner was a passenger in a vehicle that was stopped by local police in Sevierville, Tennessee and was held locally overnight. [*Id.* at ¶ 2]. On July 30, 2026, ICE brought Petitioner to the Knox County Sheriff's Office on an immigration detainer. [Doc. 9-1 at ¶ 5]. On that date, Petitioner was served with a Notice to Appear ("NTA") charging him with being "an alien present in the United States who has not been admitted or paroled" and ordering him to appear before an immigration judge in Jena, Louisiana on August 24, 2026, for the commencement of removal proceedings. [Doc. 11-1 at 1].

The following day, July 31, 2026, Petitioner filed his federal habeas petition claiming he is being unlawfully detained without the opportunity to request a bond hearing pursuant to the discretionary detention provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, and that Respondents are violating his procedural due process rights by holding him without a bond hearing. [Doc. 1 at ¶ 5]. He requests this Court order his immediate release or his release if he is not provided a § 1226 bond hearing within seven (7) days. [*Id.*].

On August 4, 2026, Petitioner was transferred into ICE's custody. [Doc. 9-1 at ¶ 6]. Petitioner was then transferred to the Etowah County Jail in Alabama before being transferred to the Adams County Correctional Center in Natchez, Mississippi. [Doc. 9-1 at ¶ 7; Doc. 11 at 2]. As of August 10, 2026, Petitioner remained detained in the Adams County Correctional Center. *See* https://locator.ice.gov/odls/#/results (last visited August 10, 2026).

## II. ANALYSIS

Habeas relief may be granted when a petitioner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi*

2

*v. Rumsfeld*, 542 U.S. 507, 525 (2004).  This includes individuals detained on immigration-related issues.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Two detention provisions of the INA—8 U.S.C. §§ 1225(b)(2) and 1226(a)—are relevant to the petition before the Court.[2]  Section 1225 provides for the mandatory detention of "applicants for admission[,]" i.e., "[a]n alien present in the United States who has not been admitted[,]" who are apprehended upon arrival lacking any valid entry document, or who are apprehended at any location and unable to show that they have been physically present in the United States for more than two years.  8 U.S.C. §§ 1225(a)(1), (b)(1)(A)(i), (iii).  Conversely, individuals in standard removal proceedings under § 1226(a) are generally entitled to a bond hearing at the outset of their detention.[3]  8 U.S.C. § 1226(a)(2).

On May 11, 2026, the Sixth Circuit decided *Lopez-Campos v. Raycraft*, which held that the detention of individuals physically present in the interior of the United States is governed by 8 U.S.C. § 1226 and protected by due process principles.  *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026).[4]  So, § 1226 controls Petitioner's detention.  And the Parties agree that § 1226 controls. [*Compare* Doc. 1 *with* Doc. 11].  Therefore, the Government maintains, Petitioner is entitled to file a motion for a custody redetermination with the immigration court, and it is unnecessary for the Court to evaluate any due process issues raised in the petition. [Doc. 11 at 3–

---

[2] The Court retains jurisdiction despite Petitioner's transfer to another judicial district after the petition was filed.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 440–41 (2004) (discussing *Ex parte Endo*, 323 U.S. 283, 304–06 (1944)).

[3] Individuals with specific criminal histories are excepted from the discretionary detention provision of § 1226.  *See* 8 U.S.C. § 1226(c)(1–4).  There is no suggestion in the record that Petitioner is subject to detention under § 1226(c).

[4] The Government has petitioned the Supreme Court for certiorari in *Lopez-Campos*.  *See* https://www.supremecourt.gov/docket/docketfiles/html/public/25-1415.html (last accessed Aug. 10, 2026).

3

4 (citing *Torres v. Precision Indus.*, 938 F.3d 752, 756–57 (6th Cir. 2019) (explaining a case should be resolved on statutory grounds before constitutional issues are considered))].

In reply, Petitioner asks the Court to order his immediate release considering the Government's concession that Petitioner is detained under § 1226(a), arguing that his detention without a bond hearing has violated his due process rights. [Doc. 13 at 1, 2 (citing *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 354–55 (S.D.N.Y. 2019) (holding "[t]he typical remedy [for unlawful detention] is of course, release") and collecting cases)]. In the alternative, Petitioner iterates his request that the Court order him to receive a bond hearing within seven (7) days that comports with due process or otherwise release him. [Doc. 12 at 2–3].

The Court finds Petitioner's arguments for immediate release unpersuasive. Section 1226(a) does not provide a noncitizen with a right to release. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1, 1236.1, 1003.19(a); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (providing noncitzens may be detained pending removal proceedings); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138–40 (2020) (holding that a noncitizen never lawfully admitted "has only those rights regarding admission that Congress has provided by statute," and that "the Due Process Clause provides nothing more"). Therefore, Petitioner is not entitled to release from custody by virtue of his current detention.[5]

However, the Court finds the Government must provide Petitioner with a constitutionally adequate bond hearing. Accordingly, the Court will order the Government to provide Petitioner

---

[5] This Court has ruled in multiple cases that the appropriate remedy for a detention governed by § 1226 is a bond hearing rather than immediate release. *See, e.g., Patino v. Ladwig*, No. 3:25-CV-00569, 2025 WL 3628450, at *3 (E.D. Tenn. Dec. 15, 2025); *Trejo v. Bullock*, No. 3:26-CV-47, 2026 WL 413194, at *5 (E.D. Tenn. Feb. 13, 2026); *Flores v. Cooper*, No. 3:26-CV 233, 2026 WL 1477831, at *3 (E.D. Tenn. May 27, 2026); *Gaye v. Spangler*, No. 3:26-CV-242, 2026 WL 1747446, at *3 (E.D. Tenn. Jun. 17, 2026).

4

with a bond redetermination hearing within ten (10) days of entry of this Order. At that hearing, the Government must bear the burden of proof to justify Petitioner's continued detention by clear and convincing evidence.[6] *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("[T]he government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Black v. Decker*, 103 F.4th 133, 155 (2d Cir. 2024) (requiring government to justify noncitizen's detention by clear and convincing evidence at bond hearing); *Azalyar v. Raycraft*, 814 F. Supp. 3d 926, 935 (S.D. Ohio 2026) (same); *Soto-Medina v. Lynch*, No. 817 F. Supp. 3d 612, 628–29 (W.D. Mich. 2026) (same).

## III.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's federal habeas petition **in part** and **ORDERS** the Government to either release Petitioner or provide Petitioner with an individualized bond hearing consistent with § 1226(a) within ten (10) days where the Government will bear the burden of proof to justify Petitioner's detention by clear and convincing evidence. All other relief requested in the petition is **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[6] "[T]he circuits are split as to which party bears the burden of proof in § 1226(a) proceedings." *Ba v. Raycraft*, No. 26-10838, 2026 WL 1213803, at *3 (E.D. Mich. May 4, 2026) (noting the Sixth Circuit has not yet reached the issue).